IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JAMES HELENBERGER, Individually and On Behalf of Others Similarly Situated,<br><br>v.<br><br>(1) LATSHAW DRILLING COMPANY, LLC. | CASE NO:  19-cv-00193-TCK-JFJ<br><br>COLLECTIVE ACTION |

## ORIGINAL COMPLAINT

### SUMMARY

1. Latshaw Drilling Company, LLC (Latshaw) does not pay its oilfield electricians overtime as required by the Fair Labor Standards Act (the FLSA), 29 U.S.C. § 201 *et seq.*, and the New Mexico Minimum Wage Act, NMSA § 50-4-19 *et seq.*, (the NMMWA). Instead, Latshaw pays them a flat salary. Because these employees are not exempt under the FLSA and the NMMWA, Plaintiff James Helenberger (Helenberger) and the other salaried oilfield electricians are entitled to recover unpaid overtime as well as other damages.

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over the related NMMWA claims under 28 U.S.C. § 1367.

3. Venue is proper in this district because Latshaw is headquartered in this district and because a substantial part of the acts and conduct charged herein occurred in this district. Helenberger also lives in this district.

### THE PARTIES

4. Helenberger was employed by Latshaw under the FLSA and the NMMWA. Helenberger's written consent is attached as Exhibit 1.

5. Latshaw is a drilling company based in Tulsa that employed Helenberger as a rig electrician.

6. The "FLSA Class Members" are all salaried oilfield electricians employed by Latshaw during the last three years.

## THE FACTS

7. Helenberger originally filed his claim on July 19, 2016 by joining the collective action *Sanders v. Latshaw Drilling Co.*, LLC, No. 3:16-cv-1093, at ECF No. 23 (N.D.Tex.).

8. On March 14, 2019, the *Sanders* court decertified the collective action and dismissed Helenberger, in part, because Helenberger worked as an electrician and the other plaintiffs were top drive technicians and a mechanic.

9. The *Sanders* court also tolled the statute of limitations to allow Helenberger to refile.

10. Latshaw's gross annual revenues have exceeded $1,000,000 – well above the FLSA's $500,000 threshold for enterprise coverage in each of the last six years.

11. Latshaw's employees routinely use hard hats, automobiles, computers, copiers, fax machines, telephones, tools and office supplies that moved in interstate commerce or were produced for interstate commerce.

12. Because Latshaw's gross annual revenues exceeded $500,000 and because its employees used, handled, sold or worked on goods or materials that were produced for or traveled in interstate commerce, Latshaw is an enterprise engaged in interstate commerce. Accordingly, Latshaw is subject to the FLSA.

13. Latshaw employed Helenberger as a rig electrician. Helenberger repaired and maintained Latshaw's oilfield equipment.

14. Helenberger regularly worked more than 40 hours in a workweek. He typically

worked a rotating schedule of 10 days on and 5 days off. He worked 12 or more hours per day.

15. Latshaw did not pay Helenberger overtime. Instead, Latshaw paid Helenberger a flat salary.

16. Latshaw paid Helenberger a set amount each pay period, regardless of how many hours he worked.

17. Helenberger was entitled to one-and-one-half times his regular rates of pay for hours worked in excess of forty hours in a week.

18. Latshaw knew Helenberger worked more than forty hours per week as reflected in its employment records.

19. Latshaw knew blue-collar oilfield workers like Helenberger must be paid overtime under the FLSA and the NMMWA.

20. Latshaw is a repeat FLSA violator. The Department of Labor assessed overtime damages against Latshaw for misclassifying employees as "independent contractors."

21. And Judge Godbey found Latshaw violated the FLSA with respect to its hourly rig employees by paying overtime at an unlawfully reduced rate in *Meadows v. Latshaw Drilling Co.*, LLC, No. 3:15-CV-01173, at ECF No. 222 (N.D. Tex.).

22. Latshaw knew that blue-collar workers, like electricians, are nonexempt no matter how highly paid they may be.

23. Latshaw received many complaints from its electricians, top drive technicians, and mechanics about non-payment of overtime, but Latshaw ignored these complaints.

### COLLECTIVE ACTION ALLEGATIONS

24. Latshaw employs other people that perform oilfield electrician work similar to Helenberger.

25. The primary duties of these other employees are the performance of repair and maintenance work of oilfield equipment similar to that performed by Helenberger.

26. Like Helenberger, these other employees work more than forty hours in a workweek.

27. Latshaw does not pay these employees overtime. Instead, Latshaw pays these employees on the same "salary" basis as it pays Helenberger.

28. Because these employees are similarly situated to Helenberger and are owed overtime for the same reasons he is, the FLSA opt-in class is properly defined as:

**All salaried oilfield electricians employed by Latshaw within the last three years.**

### FIRST CAUSE OF ACTION – VIOLATION OF THE FLSA

29. Helenberger incorporates the allegations in the preceding paragraphs.

30. Latshaw violated the overtime provisions of the FLSA. Helenberger and those similarly situated to him are entitled to overtime for all hours worked over forty in a week.

31. Additionally, Helenberger and those similarly situated to him are entitled to an amount equal to their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action.

32. Latshaw knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Latshaw's failure to pay overtime to Helenberger and the FLSA Class Members was willful.

33. Latshaw owes Helenberger and the FLSA Class Members for an amount equal to all unpaid overtime wages as well as liquidated damages.

34. Helenberger and the FLSA Class Members are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## SECOND CAUSE OF ACTION – VIOLATION OF THE NMMWA

35. The conduct alleged in this Complaint violates the NMMWA.

36. Latshaw was and is Helenberger's "employer" under the NMMWA.

37. The NMMWA requires an employer like Latshaw to pay overtime to all non-exempt employees.

38. Helenberger was a non-exempt employee entitled to be paid overtime for all overtime hours worked.

39. Within the applicable limitations period, Latshaw had a policy of failing to pay overtime pay to Helenberger for hours worked in excess of 40 hours per week.

40. As a result of Latshaw's failure to pay Helenberger at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty in a workweek, Latshaw violated the NMMWA.

41. Latshaw knew, or showed reckless disregard for whether, its failure to pay overtime violated the NMMWA. Its failure to pay overtime to Helenberger is willful.

42. Helenberger seeks damages based on Latshaw's failure to pay one and one-half times his regular rate of pay for work performed in excess of 40 hours in week and liquidated damages allowed under NMMWA and such other legal and equitable relief from Latshaw's willful conduct as the Court deems just and proper.

43. Helenberger seeks recovery of attorney's fees and costs of this action to be paid by Latshaw, as provided by the NMMWA.

## PRAYER

Helenberger prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the

FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Helenberger and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. Judgment awarding Helenberger all unpaid overtime compensation, liquidated (treble) damages, attorneys' fees and costs under the NMMWA;

4. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

5. All such other and further relief that Helenberger and the FLSA Class Members are justly entitled.

Respectfully submitted,

SHOOK & JOHNSON, P.L.L.C.

By: **s/ Jonathan E. Shook**
Jonathan E. Shook, OBA #17343
7420 S. Yale Ave.
Tulsa, Oklahoma 74136
(918) 293-1122 - *Telephone*
(918) 293-1133 - *Facsimile*
jshook@shookjohnson.com

By: **/s/ David Moulton**
Richard J. (Rex) Burch
Texas Bar No. 24001807
David I. Moulton
Texas Bar No. 24051093
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:   (713) 877-8788
Telecopier:   (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com