**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JAMES HELENBERGER, Individually and On Behalf of Others Similarly Situated, </br></br>     Plaintiffs, </br></br>v. </br></br>LATSHAW DRILLING COMPANY, LLC, </br></br>     Defendant. | ) </br> ) </br> ) </br> ) Case No. 4:19-cv-00193-TCK-JFJ </br> ) </br> ) </br> ) </br> ) </br> ) |

**DEFENDANT LATSHAW DRILLING COMPANY, LLC'S
ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT**

COMES NOW the Defendant, LATSHAW DRILLING COMPANY, LLC, ("Latshaw") and for its Answer to Plaintiffs' Original Complaint [Doc. 2], denies each and every allegation contained therein excluding only those specifically admitted below. Further answering, Latshaw states:

**SUMMARY**

1. As to Paragraph 1, Latshaw admits it pays Electricians a salary. Defendant Latshaw denies the remainder of Paragraph 1 of Plaintiff' Original Complaint.

**JURISDICTION AND VENUE**

2. Latshaw admits this Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). If New Mexico law applies, which the Defendant affirmatively denies, then the Court has supplemental jurisdiction over the related New Mexico claims under 28 U.S.C. § 1367.

3. Latshaw admits the venue is proper in this district because Latshaw is headquartered in Tulsa, Oklahoma.

**THE PARTIES**

4. As to Paragraph 4 of Plaintiffs' Original Complaint, Latshaw admits Plaintiff Helenberger was employed by Latshaw under the FLSA. As to the consent, the document speaks for itself. Defendant Latshaw denies the remainder of Paragraph 4 of Plaintiffs' Original Complaint.

5. As to Paragraph 5 of Plaintiffs' Original Complaint, Latshaw admits it is a drilling company based in Tulsa and employed Plaintiff Helenberger.

6. As to Paragraph 6 of Plaintiffs' Original Complaint, Latshaw is without sufficient information to admit or deny same, so it is deemed denied. Latshaw denies this matter should proceed as a class action.

**THE FACTS**

7. As to Paragraph 7 of Plaintiffs' Original Complaint, Latshaw admits that Plaintiff Helenberger originally filed his claim on July 19, 2016 by joining the collective action *Sanders v. Latshaw Co., LLC*, No. 3:16-cv-1093, at ECF No. 23 (N.D.Tex.) ("Sanders").

8. As to Paragraph 8 of Plaintiffs' Original Complaint, Latshaw admits that on March 14, 2019, the *Sanders* court decertified the collective action and dismissed Helenberger.

9. As to Paragraph 9 of Plaintiffs' Original Complaint, Latshaw admits the *Sanders* court also tolled the statute of limitations to allow Plaintiff Helenberger to refile.

10. As to Paragraph 10 of Plaintiffs' Original Complaint, Latshaw admits Latshaw's gross annual revenues have exceeded the FLSA's $500,000 threshold for enterprise coverage in each of the last six years.

11. As to Paragraph 11 of Plaintiffs' Original Complaint, Latshaw admits Latshaw's employees routinely used goods that moved in interstate commerce or were produced for interstate commerce.

12. As to Paragraph 12 of Plaintiffs' Original Complaint, Latshaw admits that because Latshaw's gross annual revenues exceeded $500,000 and because its employees used, handled, sold or worked on goods or materials that were produced for or traveled in interstate commerce, Latshaw is an enterprise engaged in interstate commerce. Accordingly, Latshaw is subject to the FLSA.

13. As to Paragraph 13 of Plaintiffs' Original Complaint, Latshaw admits it employed Plaintiff Helenberger. Plaintiff Helenberger was responsible for the preventative maintenance of the rig and electrical equipment.

14. As to Paragraph 14 of Plaintiffs' Original Complaint, Latshaw admits Plaintiff Helenberger alleges he regularly worked more than 40 hours in a work week. He typically worked a rotating schedule of 10 days on and 5 days off. Defendant denies the remainder of Paragraph 14.

15. As to Paragraph 15 of Plaintiffs' Original Complaint, Latshaw admits it paid Plaintiff Helenberger a salary because he was exempt under the FLSA.

16. As to Paragraph 16 of Plaintiffs' Original Complaint, Latshaw admits it paid Plaintiff Helenberger a set amount each pay period.

17. As to Paragraph 17 of Plaintiffs' Original Complaint, Latshaw denies Plaintiff Helenberger was entitled to one-and-one-half times his regular rates of pay for hours worked in excess of forty hours in a week.

18. As to Paragraph 18 of Plaintiffs' Original Complaint, Latshaw admits Plaintiff Helenberger alleges he worked more than forty hours per week.

19. As to Paragraph 19 of Plaintiffs' Original Complaint, Latshaw denies that Plaintiff Helenberger was entitled to overtime pay under the FLSA and the NMMWA.

20. As to Paragraph 20 of Plaintiffs' Original Complaint, Latshaw denies it is a repeat FLSA violator.

21. As to Paragraph 21 of Plaintiffs' Original Complaint, Latshaw states the Order in *Meadows, et al. v. Latshaw Drilling Co., LLC,* Case No.: 3:15-cv-01173-N, at ECF No. 222 (N.D. Tex.) ("Meadows") speaks for itself. Latshaw denies the remainder of Paragraph 21.

22. Defendant denies Paragraph 22 of Plaintiffs' Original Complaint. Further, this Paragraph asks for a legal conclusion to which Defendant is not required to respond.

23. As to Paragraph 23 of Plaintiffs' Original Complaint, Latshaw denies it received many complaints from its electricians, top drive technicians, and mechanics about non-payment of overtime.

## COLLECTIVE ACTION ALLEGATIONS

24. As to Paragraph 24 of Plaintiffs' Original Complaint, Latshaw admits it employs other electricians.

25. As to Paragraph 25 of Plaintiffs' Original Complaint, Latshaw admits that it employs other people in jobs similar to those performed by Helenberger.

26. As to Paragraph 26 of Plaintiffs' Original Complaint, Latshaw admits that other maintenance employees worked 10 days on and 5 days off.

27. As to Paragraph 27 of Plaintiffs' Original Complaint, Latshaw states that it pays its electricians on a "salary" basis.

28.     As to Paragraph 28 of Plaintiffs' Original Complaint, Latshaw denies that these employees are similarly situated to Helenberger such that a collective action should be certified. Latshaw denies the remainder of Paragraph 28.

## FIRST CAUSE OF ACTION - VIOLATION OF THE FLSA

29.     As to Paragraph 29 of Plaintiffs' Original Complaint, Latshaw adopts its answers to Paragraphs 1-28 above.

30.     As to Paragraph 30 of Plaintiffs' Original Complaint, Latshaw denies it violated the overtime provisions of the FLSA. Latshaw denies Plaintiff Helenberger and those he alleges are similarly situated to him are entitled to overtime pay.

31.     Latshaw denies Paragraph 31 of Plaintiffs' Original Complaint.

32.     Latshaw denies Paragraph 32 of Plaintiffs' Original Complaint.

33.     As to Paragraph 33 of Plaintiffs' Original Complaint, Latshaw denies it owes Plaintiff Helenberger and the alleged FLSA Class Members an amount equal to all unpaid overtime wages, as well as liquidated damages.

34.     As to Paragraph 34 of Plaintiffs' Original Complaint, Latshaw denies Plaintiff Helenberger and the alleged FLSA Class Members are entitled to recover any attorney's fees and costs incurred in this action.

## SECOND CAUSE OF ACTION - VIOLATIONS OF THE NMMWA

35. As to Paragraph 35 of Plaintiffs' Original Complaint, Latshaw denies the conduct alleged in this Complaint violates the NMMWA. Latshaw further denies that New Mexico law governs this case in any way.

36.     As to Paragraph 36 of Plaintiffs' Original Complaint, Latshaw denies Latshaw was and is Plaintiff's "employer" under the NMMWA.

37. As to Paragraph 37 of Plaintiffs' Original Complaint, Latshaw states this Plaintiff asks for a legal conclusion for which no response is necessary.

38. As to Paragraph 38 of Plaintiffs' Original Complaint, Latshaw denies that Plaintiff Helenberger was a non-exempt employee entitled to be paid overtime.

39. Latshaw denies Paragraph 39 of Plaintiffs' Original Complaint.

40. As to Paragraph 40 of Plaintiffs' Original Complaint, Latshaw denies that it violated the NMMWA.

41. As to Paragraph 41 of Plaintiffs' Original Complaint, Latshaw denies Paragraph 41 and demands strict proof therein.

42. As to Paragraph 42 of Plaintiffs' Original Complaint, Latshaw denies Paragraph 42 and demands strict proof therein.

43. As to Paragraph 43 of Plaintiffs' Original Complaint, Latshaw denies Paragraph 43 and demands strict proof therein.

## **PRAYER**

1. Defendant Latshaw denies Plaintiff Helenberger and the alleged FLSA Class Members are entitled to an Order allowing this action to proceed as a collective action under the FLSA and further denies a notice to the alleged FLSA Class Members should be sent;

2. Defendant Latshaw denies Plaintiff Helenberger and the FLSA alleged Class Members should be awarded judgment of any kind against Latshaw;

3. Defendant Latshaw denies Plaintiff Helenberger is entitled to a judgment of any kind under the New Mexico law;

4. Defendant Latshaw denies Plaintiff Helenberger an award of pre- and post-judgment interest; and;

5. Defendant Latshaw denies all such and other and further relief that Helenberger and the FLSA alleged Class Members are justly entitled.

Defendant is not required to respond to Plaintiffs' Prayer. However, to the extent the Prayer asserts allegations, Defendant denies every allegation contained therein. Defendant further denies that Plaintiffs are entitled to any of the relief listed therein. Defendant denies each and every allegation not specifically admitted above.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

### I.

Defendant alternatively pleads that Plaintiff has failed to state, in whole or in part, a claim upon which relief may be granted.

### II.

Defendant alternatively pleads that Plaintiff's claims and those of his alleged class members are barred, in whole or in part, by the applicable statutes of limitation, or in the alternative, that the FLSA alleged Class Members' claims have not yet accrued.

### III.

Defendant again asserts that it did not violate the FLSA as Plaintiff Helenberger and the FLSA alleged Class Members were exempt from overtime under the FLSA. However, should a court find any acts or omissions violated the FLSA, they were done in good faith and Defendant had reasonable grounds for believing that the act or omission were not a violation of the FLSA. Accordingly, if Defendant is found to have violated the FLSA (which it denies), the Court should reduce the amount of any otherwise applicable liability pursuant to the FLSA.

**IV.**

Defendant pleads that, if Defendant was subject to the NMWA and the NMMWA and Defendant violated either, which it specifically denies, the act or omission that violated the NMMWA was done in good faith and Defendant had reasonable grounds for believing that the act or omission was not a violation. Accordingly, if Defendant is found to have been subject to and have violated any New Mexico laws, the Court should reduce the amount of any otherwise applicable liability pursuant to the NMMWA.

**V.**

Defendant reserves the right to file and serve additional defenses as appropriate. Latshaw reserves the right to amend this Answer to assert defenses that may become known to it as this case proceeds.

**VI.**

Some, if not all, of Plaintiff Helenberger and the FLSA alleged Class Members' claims are barred by the statutes of limitations.

**VII.**

Plaintiff Helenberger and the FLSA alleged Class Members' claims may be barred by the doctrines of estoppel, waiver, laches, and unclean hands.

**VIII.**

Plaintiff Helenberger and the FLSA alleged Class Members' claims are barred, in whole or in part, because Latshaw exercised reasonable care to prevent any unlawful conduct and acted in good faith.

**IX.**

To the extent that any recovery on Plaintiffs' Original Complaint may either be completely or substantially barred due to after-acquired evidence, any recovery to which Plaintiff

Helenberger and the FLSA alleged Class Members might otherwise be entitled must be appropriately offset.

## X.

Latshaw affirmatively states that a collective action is not appropriate as Plaintiff and his so-called collective action Class Members were not similarly situated.

## XI.

Defendant's actions toward Plaintiff were at all times taken in good faith as Plaintiff Helenberger and the FLSA alleged Class Members were exempt from overtime under the exemptions outlined in the FLSA, including but not limited to the Highly Compensated Employee ("HCE") exemption, and Latshaw was in compliance with state and federal law.

## XII.

Punitive damages are not available against Defendant Latshaw.

## XIII.

Plaintiff Helenberger and the FLSA Class Members' claims are barred under New Mexico law. The employer-employee relationship between Plaintiff Helenberger and the FLSA alleged Class Members and Defendant did not subject them to New Mexico law. Further, should the New Mexico law be found to apply, Plaintiff and the alleged Class Members failed to timely make demand and/or notify Defendant as to a wage dispute as required by the law.

WHEREFORE, Latshaw requests that Plaintiff take nothing by virtue of Plaintiff Helenberger and the FLSA alleged Class Members' Original Complaint, that Latshaw be dismissed from the proceedings, and that Latshaw be awarded its costs and attorneys' fees and for such other relief as the Court deems just.

JURY TRIAL DEMANDED

Respectfully submitted,

*s/Madalene A.B. Witterholt*
Madalene A. B. Witterholt, OBA # 10528
CROWE & DUNLEVY, P.C.
321 S. Boston Ave., Suite 500
Tulsa, Oklahoma 74103
Telephone: 918-592-9800
Facsimile:  918-599-6325
Email: m.witterholt@crowedunlevy.com
**ATTORNEY FOR DEFENDANT,
LATSHAW DRILLING COMPANY, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May, 2019, I electronically transmitted the above and foregoing to the Court Clerk using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jonathan E. Shook
SHOOK & JOHNSON, PLLC
7420 S. Yale Avenue
Tulsa, OK 74136
jshook@shookjohnson.com


Richard J. (Rex) Burch
David I. Moulton
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:  (713) 877-8788
Telecopier:  (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com
**ATTORNEYS FOR PLAINTIFF**

*s/Madalene A.B. Witterholt*
Madalene A.B. Witterholt

3450969.1